UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                     Plaintiff,

v.

STEVEN C. MORELAND,

                Defendant.

NO. CR01-108R

ORDER WITHDRAWING MAY 26,
2005 ORDER GRANTING IN
PART GOVERNMENT'S MOTION
FOR A PSYCHOLOGICAL EVALUA-
TION; STRIKING PROPOSED ORDER
AND MOTION FOR CLARIFICATION;
AND SCHEDULING SENTENCING
HEARING

## I.   INTRODUCTION

This matter comes before the court on remand from the Ninth Circuit of defendant Steven Moreland's sentence, for further proceedings in light of the Supreme Court's ruling in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005). Currently pending before the court are: (1) the parties' memoranda re: procedures on remand; (2) the government's Proposed Order for Psychological Evaluation, and Moreland's objections thereto; and (3) Moreland's Motion to Clarify Order and for Protective Order Re: Medical Files. Also bearing further consideration is this court's May 26, 2005 Order Granting in Part Government's Motion

ORDER
Page – 1 –

for Psychological Evaluation.

## II.   BACKGROUND

In August 2002, after a seven-week trial, a jury found Steven Moreland guilty of fourteen counts of conspiracy, mail fraud, wire fraud, and money laundering.

In preparation for Moreland's sentencing, the U.S. Probation Office submitted a report recommending an offense level of 43 with a sentencing range of up to life imprisonment. Moreland offered a report prepared by psychologist Dr. Terri Hastings, who diagnosed Moreland with shared delusional disorder. The government did not seek or obtain its own expert evaluation of Moreland's mental health, choosing instead to challenge the credibility and accuracy of Dr. Hastings' report.

On August 22, 2003 this court sentenced Moreland to 292 months' imprisonment. The court arrived at this sentence after adopting the presentence report's recommended 43 offense level and granting defendant's motion for a downward departure, finding diminished capacity based in part on Dr. Hastings' report. Arriving ultimately at an offense level of 40, the court sentenced Moreland to the low end of that level's 292-to-365-month range.

Moreland appealed his conviction and sentence. While Moreland's case was pending before the Ninth Circuit, the Supreme Court of the United States decided *Blakely v. Washington*, 124 S. Ct. 2531 (2004), which called into question the status of the U.S. Sentencing Guidelines. On December 15, 2004 the Ninth

ORDER
Page – 2 –

1   Circuit granted Moreland's motion for an order vacating his

2   sentence, and remanded his case "for such further proceedings as

3   the district court deems appropriate under the circumstances."

4   After the Ninth Circuit's remand, the Supreme Court decided

5   *United States v. Booker*, 125 S.Ct. 738 (2005), declaring the

6   sentencing guidelines advisory. In addition, on June 1, 2005 the

7   Ninth Circuit issued its much-anticipated *en banc* ruling in

8   *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005)("*Ameline*

9   *III*"), which set forth the procedures by which sentences on

10   appeal would be remanded to trial courts for resentencing under

11   *Booker*. In light of that ruling, and in response to the parties'

12   motions outlined above, the court finds and rules as follows.

13                 III.   DISCUSSION

14      *Ameline III* involved a direct appeal of a pre-*Booker* sen-

15   tence. In that case the Ninth Circuit held that

> when [the Court of Appeals is] faced with an
> unpreserved *Booker* error that may have affected a
> defendant's substantial rights, and the record is
> insufficiently clear to conduct a complete plain error
> analysis, a limited remand to the district court is
> appropriate for the purpose of ascertaining whether the
> sentence imposed would have been materially different
> had the district court known that the sentencing guide-
> lines were advisory. If the district court responds
> affirmatively, the error was prejudicial and failure to
> notice the error would seriously affect the integrity,
> fairness and public reputation of the proceedings. The
> original sentence will be vacated by the district
> court, and the district court will resentence the
> defendant. If the district court responds in the nega-
> tive, the original sentence will stand, subject to
> appellate review for reasonableness.

25   *Ameline III* at 1074-75.

26      While *Ameline III* was decided after the Ninth Circuit

remanded Moreland's sentence for – presumably – full reconsidera-
tion, the court finds that incorporating the holding of *Ameline
III* into Moreland's appeal is appropriate, and "the shortest, the
easiest, the quickest, and the surest" way to safeguard More-
land's constitutional rights. *Ameline III* at 1079. Therefore, the
initial issue on remand is "whether the sentence would have been
different had the court known that the Guidelines were advisory"
rather than mandatory. *Id.* at 1079.

 The answer to this question is twofold. First, as the court
has indicated before, it would not have given (and on remand will
not give) Moreland a sentence greater than the one he originally
received. At Moreland's sentencing the court made several find-
ings at the government's urging resulting in upward adjustments
to Moreland's offense level. As the court found at the original
sentencing, however, the court again finds under *Booker* and the
newly advisory sentencing guidelines that the sentence at which
it initially arrived, 292 months, is "sufficient" to achieve the
goals of just punishment, deterrence, protection of the public,
rehabilitation, and the other criteria set forth in 18 U.S.C.
§3553(a).

 Given this finding – that the court would not in any case
have sentenced Moreland to greater than the 292 months he re-
ceived – the court finds that a government-obtained psychological
evaluation is no longer necessary or relevant to the issues
before the court. The May 26, 2005 order authorized such evalua-
tion because "[u]nder a regime of the mandatory guidelines, the

ORDER
Page – 4 –

government was able to calculate the cost of losing on the mental
health capacity issue to a fair degree of certainty. Under the
newly conceived *Booker* advisory regime, however, the government's
calculations are necessarily far less accurate." May 26, 2005
Order at 4. Under *Ameline III*'s new limited remand framework,
however, the court finds that the more appropriate approach to
resentencing is to represent to the government that its calcula-
tions of losing on the mental health issue are as accurate now as
they were on initial sentencing, thereby obviating the need for a
second evaluation.[1]

On the other hand, the court is also not inclined to reduce
Moreland's sentence in light of the newly advisory nature of the
sentencing guidelines. The court, as the parties are aware, was
intimately involved in this defendant's case, both throughout the
several years and myriad motions of his pretrial proceedings and
at trial itself. The court had additional opportunity to become
familiar with the "nature and circumstances of the offense and
the history and characteristics of the defendant" during his
sentencing proceedings. 18 U.S.C. §3553(a). It is difficult to

---

[1]The government also moved for a psychological exam on the
grounds that the integrity of Dr. Hastings' work was called into
question in the course of another trial in the District of
Alaska. In that case, the government sought Dr. Hastings' raw
data on the suspicion of certain misrepresentations. To the
extent that the government's motion was based on concerns about
the integrity of Dr. Hastings' work, the court finds that the
suggestion of impropriety in another, unrelated trial is
insufficient to support authorizing a psychological evaluation in
this case at this time.

ORDER
Page – 5 –

1  imagine there are reasonable arguments left that have not already

2  been made by the defendant and considered by the court.

3      Nevertheless, considering the constitutional gravity of the

4  issues at hand, the court finds that erring on the side of giving

5  Moreland a chance to reargue his sentence is the proper course

6  under *Booker* and *Ameline III*. As *Ameline III* provides, "the

7  district court is permitted to take a fresh look at the relevant

8  facts and the Guidelines consistent with *Booker*, the Sentencing

9  Reform Act of 1984, Rule 32 of the Federal Rules of Criminal

10 Procedures, and [*Ameline III*]". *Ameline III* at 1085. Consistent

11 with this pronouncement and the findings above, a hearing on

12 Moreland's resentencing is tentatively scheduled for 10:00 a.m.

13 September 14, 2005.

14     Several issues remain that the court finds appropriate to

15 address before sentencing. First, in his Motion Re: Procedure on

16 Remand, Moreland urges the court to reduce his sentence to the

17 level supported by the jury's findings alone, the so-called "non-

18 Blakely" time, and to rely on certain findings of fact only to

19 move within that range. He relies in essence on the Supreme

20 Court's recent pronouncements that the finding of facts (other

21 than a prior conviction) resulting in an enhancement of a defen-

22 dant's sentence must be made by a jury and not by a judge. *See,*

23 *e.g.*, Defendant's Motion Re: Procedure of Remand at 2, citing

24 *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *Apprendi v. New*

25 *Jersey*, 530 U.S. 466 (2000). Defendant misapprehends the effect

26 of these pronouncements on his case. As Justice Breyer's remedial

ORDER
Page – 6 –

opinion in *Booker* makes clear, and as the Ninth Circuit noted in *Ameline III*, "[s]tanding alone, judicial consideration of facts and circumstance beyond those found by a jury or admitted by the defendant does not violate the Sixth Amendment right to jury trial. A constitutional infirmity arises *only* when extra-verdict findings are made in a mandatory guidelines system." *Ameline III* at 1077 (emphasis added); *see also Booker*, 125 S.Ct. at 750 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to different sets of facts, their use would not implicate the Sixth Amendment."). *Booker et al*. simply do not require summarily voiding that portion of Moreland's sentence that exceeds the so-called non-*Blakely* time.

The court further clarifies that at the hearing it will not entertain proffers of evidence, new or old. Moreland asks for an opportunity to relitigate certain facts, including those the court found resulting in upward departures. Nothing in *Ameline III* or *Booker* – in particular, its remedial opinion – indicates that any more than a review of the facts as already proffered is constitutionally required on remand. The Ninth Circuit studiously avoids requiring the district court to hear new evidence on resentencing, prescribing only that the court "take a fresh look at the relevant facts." *Ameline III* at 1085. Moreover, as a logical matter, Moreland had every bit as much incentive to establish certain mitigating facts before *Booker* was decided as

1  he does now.

2      Instead, at issue is the weight that the parties believe

3  should be given to the various factors this court is to consider

4  in calculating Moreland's sentence, including the advisory

5  guidelines themselves and those criteria enumerated at 18 U.S.C.

6  §3553(a). Again, the parties should bear in mind *Ameline III's*

7  clarification that "[s]tanding alone, judicial consideration of

8  facts and circumstances beyond those found by a jury or admitted

9  by the defendant does not violate the Sixth Amendment right to

10 jury trial." *Ameline III* at 1077-78.

11     Finally, the parties are in disagreement as to what standard

12 of proof the court should employ in making findings of fact at

13 sentencing. The government posits that nothing in *Blakely* or

14 *Booker* requires ratcheting up the standard of proof. While

15 Moreland urges the court to find that *Booker* and its related

16 cases impose a new standard on judges' findings of fact on

17 related conduct, he admits that "*Booker* did not rule on the

18 standard of proof required under the advisory Guidelines."

19 Defendant's Motion Re: Procedure on Remand at 19. The court thus

20 finds that absent a Ninth Circuit or Supreme Court ruling to the

21 contrary, the standard of proof for fact-finding at sentencing

22 remains unchanged: by a preponderance of the evidence, except on

23 such issues as have an extremely disproportionate effect on the

24 length of the defendant's sentence, which require finding by

25 clear and convincing evidence. *United States v. Thomas*, 355 F.3d

26 1191, 1202 (9th Cir. 2004).

ORDER
Page – 8 –

IV. CONCLUSION

In light of the foregoing, the court invites the parties to submit briefing concerning any perceived remaining issues, and in preparation for a sentencing hearing, tentatively scheduled for 10:00 a.m., September 14, 2005. Defendant shall submit a principal brief no later than September 2, 2005; the government's response is due September 8, 2005, and the defendant may submit a reply, if any, on September 12, 2005. The briefs shall not exceed 12 page each.

The May 26, 2005 Order is hereby withdrawn; the defendant's Motion for Clarification and the government's Proposed Order Regarding Psychological Examination and Moreland's objections thereto are stricken as moot.

Dated at Seattle, Washington this 2nd day of August, 2005.

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER
Page – 9 –